[No. 4362.]

## IN THE MATTER OF THE ESTATE OF SANTIAGO AR-GUELLO, DECEASED.

SALE OF REAL ESTATE BY AN ADMINISTRATOR.—If the Probate Court makes an order authorizing an administrator to sell real estate upon his executing an additional bond in a sum fixed, with two or more sufficient sureties, and he files a bond with sureties, and makes the sale, and petitions for its confirmation, a person interested in the estate may object to the confirmation on the ground that the sureties on the bond were insolvent, and should be allowed to make proof that they were so insolvent.

STIPULATION IN SUPREME COURT.—A stipulation filed in the Supreme Court, consenting to a judgment, must be signed by the attorneys who are the attorneys of record for the parties in the court below, or by a party in person who did not appear by attorney.

APPEAL from the Probate Court of the County of San Diego.

Santiago Arguello died intestate, in November, 1862, and was, at the time of his death, a resident of the county of San Diego. He left a tract of land called the "Rancho ex Mission of San Diego," containing thirteen square leagues. He left a widow and several children and grandchildren. Homer W. Searl became the administrator of his estate in 1872, and gave the bond required by law. On the 7th day of January, 1874, the administrator filed a petition for the sale of real estate, to pay the debts of the estate and expenses of administration. Chalmers Scott and M. A. Luce were by the court appointed attorneys for minor heirs, who were non-residents. J. C. Stone, by Leach and Chase, his attorneys, demurred to the petition, and in his demurrer described himself as a person interested in the estate. The demurrer was overruled. Louisa Arguello de Zammorano, a daughter

of decedent, died, leaving a son, Augustin V. Zammorano, who also died, leaving children who were minors, and who resided in Los Angeles County. These children and Ramon Arguello, aged seventeen years, were the only minor heirs. The court made an order for the sale of real estate sufficient to raise the sum of $19,465.24, and directed that the administrator file an additional bond, in the sum of five thousand dollars, with two or more sufficient sureties. The administrator filed the five thousand dollar bond, with T. S. Moore and G. W. B. McDonald as sureties, and sold real estate, as allowed by the order, and petitioned the Probate Court to have the sale confirmed. Jose Antonio Arguello, one of the children of the decedent, in person, filed objections to the confirmation of the sale. Among the objections to the confirmation was the one stated in the opinion. The administrator demurred to the objections, and the court sustained the demurrer and confirmed the sale.

Section 1389 of the Code of Civil Procedure provides that the probate judge must require an additional bond whenever the sale of any real estate is ordered by him, but no such bond must be required if the bond given before letters issued is equal to twice the value of the personal property, including the annual rents and profits of the real estate, and twice the probable amount to be realized from the sale of the real estate.

The contestants appealed.

The other facts are stated in the opinion.

*Henry P. Irving,* for the Appellants.

*W. Jeff. Gatewood and Creed Haymond,* for the Respondent.

By the COURT:

Searl, the administrator, is alleged to be an adjudicated bankrupt, and Moore, one of the sureties upon the bond required of the administrator, under the thirteen hundred and eighty-ninth section of the Code of Civil Procedure, is alleged to be insolvent. These, among other objections taken by Jose A. Arguello, were overruled by the court, as not

being sufficient objections against the confirmation of the sale of the real estate reported by the administrator. The section of the code referred to provides that an additional bond must, under certain circumstances, be required by the probate judge when he orders a sale of real estate. When the order for the sale in this instance was made, the prescribed bond, though apparently in an insufficient amount, was required with two or more sufficient securities, and it must be presumed that the circumstances pointed out by the statute in that behalf, existed in the case. When, therefore, it was alleged by a party objecting to the confirmation of the sale, that the bond required by the probate judge had not, in fact, been given, the objecting party should have been permitted to submit his proof in support of the objection.

A stipulation has been filed in this Court, signed by the attorney of the administrator and by Scott as "attorney for the heirs of Santiago Arguello, deceased," consenting that the order of confirmation be affirmed here *in part;* but upon looking into the record, we observe that Jose A. Arguello did not appear in the court below by attorney, but *in person,* and that Luce appeared for the minor heirs interested in the proceeding. As he has not signed the stipulation, we cannot act upon it as a basis for the judgment to be entered in this Court.

Order reversed, and cause remanded.